IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CNA and CONTINENTAL CASUALTY COMPANY )
and MICHAEL LAHOFF, )
                                 )
            Plaintiffs, )
                                 )
    -vs- )
                                 Civil Action No. 06-126
                                 )
UNITED STATES OF AMERICA and KOREY LEWIS,)
                                 )
          Defendants. )

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

Pending before the Court is Defendant's, United States of America's ("United States"), Amended Motion to Dismiss based on lack of jurisdiction.  (Docket No. 16). After careful consideration of the Amended Motion and for the reasons discussed below, said Motion is granted.

## I.  BACKGROUND

Plaintiff, CNA and Continental Casualty Company, filed suit on January 30, 2006, as subrogee of Michael Lahoff to recover paid and payable workers' compensation benefits. (Docket No. 1).  Thereafter, on February 1, 2006, Plaintiff filed an Amended Complaint.  Therein, Plaintiff claims that as a result of the United States' negligence

Michael Lahoff was shot on January 3, 2003, by Marty Armstrong[1] with a gun owned by Korey Lewis, a recruiter for the United States Army with the rank of Staff Sergeant ("SSG").[2]  At the time of the shooting, and in violation of both his superior's direct order and United States Army Recruiting Command Regulation ("USAREC") 600-25, SSG Lewis permitted Mr. Armstrong to stay in his personal apartment while he completed his high school education.  As a result, the United States is alleged to be liable to Plaintiffs under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq.* The United States moves to dismiss the case based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  (Docket No. 16, p. 1).  In the alternative, the United States summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *Id.,* p. 2.

## II.  STANDARD OF REVIEW

A motion to dismiss under Fed.R.Civ.P. 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's suit, that is, "it attacks . . . the right of a plaintiff to be heard in Federal court."  *Cohen v. Kurtzman*, 45 F. Supp.2d 423, 428 (D. N.J. 1999).  A Rule 12(b)(1) motion may argue that the plaintiff's federal claim is immaterial and made solely for the purpose of obtaining federal jurisdiction, is insubstantial and frivolous or, alternatively, the attack may be directed at "the existence of subject matter jurisdiction in fact."  *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In a Rule 12(b)(1) motion based on the

---

[1]At all relevant times, Marty Armstrong was a delayed entry program ("DEP") Army recruit.

[2]Korey Lewis was originally a named Defendant in this case.  By stipulation, however, the parties agreed to dismiss SSG Korey Lewis as a Defendant.  (Docket No. 19).

existence of jurisdiction, no presumption of truthfulness attaches to the allegations of the plaintiff (in contrast to the presumption applied under a Rule 12(b)(6) motion or a Rule 12(b)(1) motion based on immateriality, etc.).  *Mortensen, id.*  The plaintiff bears the burden of persuading the court that it has jurisdiction, as compared to the burden of the defendant under a Rule 12(b)(6) motion of convincing the court that the plaintiff has failed to state a claim.  *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991), *cert. denied*, 501 U.S. 1222 (1991).  Because the court must determine whether jurisdiction exists before it may proceed to the merits of a case, the court may make factual findings which are decisive to the issue.  *Cohen, id.* at 429, *citing Employers Ins. of Wausau v. Crown Cork & Seal Co.*, 905 F.2d 42, 45 (3d Cir. 1990).  If I determine that this Court does not have subject matter jurisdiction over the case, I must dismiss the action.  *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997).

### III.  <u>LEGAL ANALYSIS</u>

A.  <u>Subject Matter Jurisdiction</u>

The FTCA waives sovereign immunity in limited circumstances.  28 U.S.C. §1346. The FTCA makes the United States liable for "money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.

§ 1346(b)(1).  The issue of jurisdiction in this case turns on whether SSG Lewis was

acting within the scope of his employment for the actions detailed in the Amended

Complaint.  (Docket No. 13).  Determination of whether an employee of the United

States acted within his scope of employment is a matter of state law.  28 U.S.C.

§1346(b)(1).  The incident took place in Pennsylvania.  Therefore, Pennsylvania law

applies.

>    Pennsylvania has adopted the Restatement (Second) of Agency § 228 which

defines conduct in the scope of employment:

>> (1)    Conduct of a servant is within the scope of
>> employment if, but only if:
>>
>>> (a)    it is of the kind he is employed to
>>> perform;
>>>
>>> (b)    it occurs substantially within the authorized
>>> time and space limits;
>>>
>>> (c)    it is actuated, at least in part, by a purpose to
>>> serve the master; and
>>>
>>> (d)  if force is intentionally used by the
>>> servant against another, the use of force is
>>> not unexpectable by the master.
>>
>> (2)    Conduct of a servant is not within the scope of
>> employment if it is different in kind from that authorized,
>> far beyond the authorized time or space limits, or too
>> little actuated by a purpose to serve the master.

*Butler v. Flo-Ron Vending Co.,* 557 A.2d 730, 736 (Pa. Super. 1989); *Brumfield v.*

*Sanders*, 232 F.3d 376, 380 (3d Cir. 2000).  Both parties agree that the fourth factor

is not applicable in this case.  (Docket No. 13, p. 14; Docket No. 17, p. 10).  Therefore,

Plaintiff must prove each of the first three elements.  The failure to meet any one

of the first three elements will result in conduct that is not within the scope of employment such that the conduct described within the Amended Complaint is not covered by the FTCA.  In other words, failure to meet any one of the first three elements will result in a finding of lack of subject matter jurisdiction by this Court.

I consider the second element first, as I consider it to be the threshold element.  There can be no doubt that SSG Lewis' conduct did not occur substantially within the authorized time and space limits of his employment with United States.  Specifically, it is undisputed that SSG Lewis permitted Mr. Armstrong to stay with him at his own personal apartment, not on a military base or in authorized military housing. *See,* Amended Complaint, ¶16. I am not persuaded by Plaintiff's argument that simply because the United States has a regulation prohibiting recruiters from sharing lodging with DEPs that the conduct occurred within an authorized time and space. (Docket No. 17, pp. 12-13).  To the contrary, I find that the specific regulation, USAREC 600-25, Chapter 2(a), which prohibits SSG Lewis from sharing his apartment with Mr. Armstrong, supports the United States's position that it is an unauthorized location.  (Docket No. 13, Ex. A, Attachment 2).  In fact, SSG Lewis's supervisor, Sergeant First Class ("SFC") Joseph Albrecht gave him a direct order not to permit Mr. Armstrong to stay at his apartment.  (Docket No. 13, Ex. A, ¶5; Docket No. 13, Ex. A, Attachment 4).  Thus, I find there is no issue that SSG Lewis's conduct occurred outside authorized time and space limits of employment.

Accordingly, I find that SSG's conduct was not within the scope of his employment.  As a result, I find that the conduct described in the Amended

Complaint does not fall within the FTCA.  Consequently, this Court lacks subject matter jurisdiction over the within matter.

THEREFORE, this **20th** day of November, 2006, after careful consideration of Defendant's Amended Motion to Dismiss (Docket No. 16) and related submissions, it is ordered that said Motion  (Docket No. 16) is granted for lack of jurisdiction.  This case is "CLOSED."

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge